

Tom Steenson    OSB #74313
Beth Creighton    OSB #97244
STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:     (503) 223-1516
e-mail: gillian@sstlr.com
            beth@sstlr.com

Of Attorneys for Plaintiffs

FILED'01 NOV 19 16:07 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| KWAI FUN WONG, WU-WEI TIEN TAO ASSOCIATION and CHONG HUA SHENG MU GONG, | Civil No. CV 01-718-ST |
|---|---|
| Plaintiffs, | MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION |
| vs. | TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |
| DAVID BEEBE, JERRY F. GARCIA, JACK O'BRIEN, DOUGLAS GLOVER, JOHN DOES INS OFFICIALS and UNITED STATES OF AMERICA, | REQUEST FOR ORAL ARGUMENT |
| Defendants. | |

**A. INTRODUCTION**

On October 17, 2001, plaintiffs filed their First Amended Complaint adding a claim for damages resulting from defendants' violations of the Religious Freedom Restoration Act, 42 USC § 2000bb (herein "RFRA"). Shortly thereafter, defendants filed a motion to dismiss the First Amended Complaint arguing that the court lacked subject matter jurisdiction and plaintiffs failed to state a claim upon which relief can be granted.

/////

PAGE 1    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

N/A

Plaintiffs incorporate all facts and arguments in plaintiffs' original opposition to Defendants' Motion to Dismiss. For the following additional reasons, defendants' dismissal motion should be denied.

### B. RULE 12 DISMISSAL STANDARD

In considering Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction which attack the face of the complaint, as opposed to relying upon extrinsic evidence, the court must consider the allegations of the complaint as true. *Gould v. Electronics Inc. v. United States*, 220 F3d 169, 176 (3rd Cir 2000); *Valdez v. United States*, 837 F Supp 1065, 1067 (ED Ca 1995), *aff'd*, 56 F3d 1177 (9th Cir 1995). Such dismissals are limited to cases where the federal claim is "immaterial and made only for the purpose of obtaining federal jurisdiction" or the "claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 US 83, 104 (1998); *Bell v. Hood*, 327 US 678, 682-683 (1946); *Roberts v. Corrothers*, 812 F2d 1173, 1177 (9th Cir 1987). A plaintiff, since she bears the burden of proving the court's subject matter jurisdiction, must be given the opportunity to discover facts supporting the jurisdictional allegations in the complaint. It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving a plaintiff the opportunity, if requested, to conduct discovery for this purpose.[1] *Siderman de Blake v. Republic of Argentina*, 965 F2d 699, 713 (9th Cir 1992).

A motion to dismiss under FRCP 12(b)(6) for failure to state a claim for relief will be granted only if it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Conley v. Gibson*, 355 US 41, 45 (1957); *Allwaste, Inc. v. Hecht*, 65 F3d 1523, 1527 (9th Cir 1995); *Parks Sch. of Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995). "The issue is not whether [the] plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 US 232, 236 (1974). Motions to dismiss are generally viewed with disfavor and are rarely granted. *Hall*

---

[1] Plaintiffs have filed a motion to stay consideration of defendants' dismissal motion until they have been allowed discovery and a motion to compel discovery.

PAGE 2    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

1 | *v. City of Santa Barbara*, 833 F2d 1270, 1274 (9th Cir 1986); *United States v. City of Redwood City*, 640 F2d 963, 966 (9th Cir 1981).

In evaluating a motion to dismiss, the court is obligated to accept as true all material allegations in the complaint as well as the reasonable inferences that can be drawn from those allegations. *Patreto v. FDIC*, 139 F3d 696, 699 (9th Cir 1998). Before a motion to dismiss can be granted the court must determine that there are no questions of fact involved considering all evidence in the light most favorable to the party opposing the motion. *SEC v Sands*, 902 F Supp 1149, 1165 (CD CA 1995); *Bank Tejarat v Varsho-Saz*, 723 F Supp 516, 517 (CD Cal 1989).

### C. NO GROUNDS EXIST FOR THE DISMISSAL OF PLAINTIFFS' RFRA CLAIM

**1.  Plaintiffs sufficiently allege that defendants' conduct violated the RFRA.**

RFRA applies to all federal law and prohibits the government from substantially burdening a person's exercise of religion even if the burden results from a rule of general applicability. 42 USC §§ 2000bb-1(a) and 2000bb-3(a). RFRA was enacted by Congress to enhance the level of protection given by law to the free exercise of religion. *In re Hodge*, 220 BR 386, 390 (DC Idaho). The only instance where the government is allowed to substantially burden a person's free exercise of religion is when it demonstrates that the burden is (1) in furtherance of a compelling governmental interest; and (2) is the least restrictive mean of furthering that compelling governmental interest. 42 USC § 2000bb-1(b). RFRA provides for a private cause of action for those whose religious exercise has been burdened by a violation of the statute. 42 USC § 2000bb-1(c).

In 1997, the United States Supreme Court held RFRA was unconstitutional as applied to state and local governments, finding that Congress exceeded its authority under the Enforcement Clause 5 of the Fourteenth Amendment. *City of Boerne v. Flores*, 521 US 507 (1997). *See Sutton v. Providence St. Joseph Medical Center*, 192 F3d 826 (9th Cir 1999). However, plaintiffs are aware of no court which has held that RFRA is not constitutional as applied to the federal

/////

PAGE 3      MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

government, its agencies, and its officials. *See, e.g., In re Hodge, supra* at 395. Defendants do not argue to the contrary.

As correctly summarized by the District Court in Idaho in *In re Hodge, supra* at 390:

> "An adherent's free exercise of his or her religion is substantially burdened by a statute that either (1) requires the adherent to refrain from engaging in a practice important to his or her religion, *see Hobbie v. Unemployment Appeals Comm'n*, 480 US 136, 140-41 (1987), or (2) forces the adherent to choose between following a particular religious practice or accepting the statute's benefits. See *Sherbert v. Verner*, 374 US 398, 404 (1963); *Thomas v. Indiana Employment Sec Div*, 450 US 707, 717-18 (1981). More fully explained, the latter type of substantial burden occurs where non-adherence to a religious practice is necessary to obtain a statute's benefits; such a statute has an indirect coercive effect on the religion adherent's free exercise. *See Thomas*, 450 US 707 at 719."

To be successful in a motion to dismiss, defendants must demonstrate that plaintiffs, with the benefit of all facts and inferences viewed in their favor, will be unable to prove any set of facts supporting their claims. *Conley, supra* at 45. Defendants are unable to make that showing.

Plaintiffs allege that defendants' conduct was due to "the individual defendants' discrimination against plaintiffs because of their religious practices, beliefs and associations." 1st Am Compl, ¶ 32. Defendant is mistaken when they represent that there is no such allegation. *See* Defs' 2nd Dism Memo, p 4.

Even if defendants did not single plaintiffs out because of their religious beliefs, the RFRA claim survives a motion to dismiss. Plaintiffs allege that defendants conduct substantially burdens plaintiffs' free exercise of religion. 1st Am Compl, ¶ 47. This is sufficient under the applicable standard to survive a motion to dismiss. Moreover, RFRA was specifically intended to apply to all neutral statutes[2] that may burden religious exercise, not merely statutes that were intended to interfere with religious exercise. 42 USC § 2000bb(a)(2).

---

[2] In enacting RFRA, Congress did not make an exception for immigration laws. RFRA specifically states that its scope is without limit, i.e., it is applicable to *all* federal laws. 42 USC § 2000bb-3(a).

PAGE 4    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

Defendants insist on going beyond the allegations into factual issues irrelevant their motion to dismiss. Whether or not plaintiffs will ultimately prevail on their claims is not at issue in a motion to dismiss. *Scheuer v. Rhodes, supra* at 236. Plaintiffs are entitled to all inferences in their favor and the court must accept as true all material allegations in the complaint as well as the reasonable inferences that can be drawn from those allegations. *Patreto, supra* at 699. A court may not dismiss a claim unless there are no questions of fact involved considering all evidence in the light most favorable to the party opposing the motion. *SEC v. Sands, supra* at 1165.

**2. Wong's free exercise of religion was substantially burdened by defendants' conduct.**

Wong is the Matriarch of the Tao Heritage and the leader of the Wu Wei Tien Tao Association. 1st Am Compl, ¶ 3. As the spiritual leader of of Wu Wei Tien Tao Association and Chong Hua Sheng Mu Gong, Wong was compelled to leave the country to fulfill her religious obligations when her predecessor passed away. *Id,* ¶13. Because of the extreme urgency of the situation and her religious obligations, Wong was forced to leave the United States without advance parole while her application for adjustment of status was pending. *Id,* ¶14. Wong was unable to obtain advance parole prior to her departure. *Id.* Upon her return to the United States, she was subjected to expedited removal. *Id,* ¶¶ 19, 24. But for her departure, necessitated by her strong religious tenants and obligations, defendants would have had no basis to deem Wong's application for adjustment of status abandoned or subject her to expedited removal.

Forcing Wong to choose between fulfilling her duties as a spiritual leader by accompanying her predecessor's body back to Hong Kong and abandoning her application for adjustment of status or, worse yet, subjecting her to expedited removal substantially burden Wong's free exercise of religion. Wong was put in the untenable position of abandoning her mandatory religious obligations or violating immigration regulations by leaving the country without advance parole. Paragraph 13 of Plaintiff's First Amended Complaint could not be more

PAGE 5    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

PAGE 5 MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

clear that Wong acted on her strongly held religious beliefs by leaving the country. Because she acted on her beliefs and obligations as the inheritor of the Tao Heritage she was deemed to have abandoned her application for adjustment of status and subjected to expedited removal. Such an application of the immigration laws substantially burdens Wong's free exercise of religion by forcing Wong to choose between her religious beliefs and obligations and accepting the benefits of continued residency in the United States.

Moreover, Wong, as the selected Matriarch of the Tao Heritage, is the heavenly mandated successor to continue the unbroken lineage of the ancient Tao Heritage. She is irreplaceable. Wong, as the leader of the Wu-Wei Tien Tao Association, has being denied her right to be in the United States to perform her duties which are essential to the proper functioning of the Association and Sheng Gong, which has had serious consequences for the Association and Sheng Gong. *Id,* ¶ 26.

Defendants' conduct of strip searching Wong and incarcerating her without providing her with a vegetarian diet substantially burdens Wong's free exercise of religion as well. Plaintiff's First Amended Complaint alleges that Wong "committed herself to a lifetime purity vow of celibacy." but for her departure necessitated by her strong religious tenants and obligations. 1st Am Compl, ¶ 27. Plaintiffs' also allege that Wong made "a lifetime vow of vegetarianism" and that defendants failure to accommodate her vegetarian diet "interfered with the practice of her faith." *Id,* ¶ 22. Finally, plaintiffs allege that defendants conduct described herein substantially burdened plaintiffs' exercise of religion. *Id,* ¶ 47. Allowing plaintiffs all reasonable inferences, the court must accept that being subjected to strip searches and being denied vegetarian food substantially burdened Wong's free exercise of religion.[3]

---

[3] No reasonable person would deny that being forced to choose between eating or adhering to one's religious practice, has a coercive effect on an adherent's free exercise as set forth in by the United States Supreme Court in *Thomas v. Indiana Employment Sec Div*, 450 US at 717-718. In fact, prior to *City of Boerne v. Flores*, the 9th Circuit already determined that a prison's food policy depriving a Orthodox Jewish plaintiff of Kosher meals was a substantial

PAGE 6    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

For all of the above reasons, plaintiffs' allegations clearly plead a RFRA claim for Wong.

### 3. Wu Wei Tien Tao & Chong Hua Sheng Mu Gong's free exercise of religion was substantially burdened by defendants' conduct.

Depriving Wu Wei Tien Tao Association and Chong Hua Sheng Mu Gong of their spiritual leader substantially burdens their free exercise of religion. Plaintiffs assert that the presence of Wong in the United States to perform her duties is "essential to the proper functioning of the Association and Sheng Gong, which has had serious consequences for the Association and Sheng Gong." *Id,* ¶ 26. In removing Wong from the country and subjecting her to the treatment described in the complaint, the Wu Wei Tien Tao Association and Chong Hua Sheng Mu Gong were denied their rights to practice their religion. *Id,* ¶ 28. Moreover, plaintiffs have plead that defendants conduct substantially burdens plaintiffs free exercise of religion. *Id,* ¶ 47. Accepting these statements as true as to the associational plaintiffs, plaintiffs' RFRA claim is adequately plead and survives a motion to dismiss.

### D. THE COURT HAS SUBJECT MATTER JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT OVER PLAINTIFFS' THIRD CLAIM FOR RELIEF

Plaintiffs have previously addressed defendants' assertions that the court has no subject matter jurisdiction to issue a declaratory judgment ordering defendants to adjudicate Wong's adjustment of status application under section 245(i). The crucial issue here is that Beebe's letter stated that Wong did not qualify under sections 245(a) or (c) and therefore was ineligible for an adjustment, while completely ignoring provision 245(i). Under 245(i), Wong was eligible for relief on a discretionary basis. There is no evidence in the record that anyone exercised discretion in the consideration of Wong's application. The only evidence is the misapplication of two irrelevant provisions and a determination of ineligibility based on that misapplication. Wong

---

burden on the free exercise of his religion. *Ashelman v Wawrzaszek,* 111 3Fd 674, 678 (9th Cir 1997).

PAGE 7   MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

has the right to have the INS use their discretion in making the adjustment of status decision, not to merely find her ineligible due to irrelevant provisions.[4]

Defendants' argument that the court should not exercise its discretion to hear the declaratory judgment claim in this case is misplaced at this stage of the proceedings. *See* Defs' 2nd Dism Memo, p 5. Such an argument addresses the merits of plaintiffs' claims and is irrelevant to a motion to dismiss.

### D. CONCLUSION

For all of the foregoing reasons, defendants' dismissal motion should be denied in its entirety.

DATED this 19th day of November 2001.

*Beth Creighton*
TOM STEENSON
BETH CREIGHTON
Of Attorneys for Plaintiffs

---

[4] Of course, consistent with plaintiffs' RFRA claim, plaintiffs believe the INS would further violate the RFRA if it exercised its discretion and failed to adjust Wong's status in her favor.

PAGE 8    MEMO IN OPP TO DEFS' 2nd MOT TO DISM

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

**CERTIFICATE OF SERVICE**

I hereby certify that I telefaxed (202 / 616-9366) and mailed a true copy of the foregoing memorandum to Christine A. Bither, attorney for defendants, addressed to her Washington, D.C., office address on this date.

DATED this 19th day of November 2001.

_Beth Creighton_
BETH CREIGHTON
Of Attorneys for Plaintiffs

PAGE 9    MEMO IN OPP TO DEFS' 2nd MOT TO DISM