ROBERT D. McCALLUM, Jr.
Assistant Attorney General
MARK A. WALTERS
Assistant Director

CHRISTINE A. BITHER
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044-0878
Telephone: (202) 514-3567
Facsimile: (202) 616-9366
Cbither@civ.usdoj.gov
California Bar No. 142102 and
Maine Bar No. 7209
    Attorney for Defendants

FILED '01 NOV 30 12:57 USDC-ORP

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF OREGON

| | |
|---|---|
| **KWAI FUN WONG, WU-WEI TIEN TOA ASSOCIATION, and CHONG HUA SHENG MU GONG** | ) Civil No. CV-01-718-ST ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) MEMORANDUM IN SUPPORT OF |
| **DAVID BEEBE, JERRY F. GARCIA, JACK O'BRIEN, DOUGLAS GLOVER, JOHN DOE IMMIGRATION AND NATURALIZATION SERVICE OFFICIALS, and, UNITED STATES OF AMERICA** | ) DEFENDANTS' OPPOSITION TO ) PLAINTIFFS' MOTIONS TO ALLOW FILING ) OF SECOND AMENDED COMPLAINT ) ) ) ) |
| Defendants. | ) ) |

**Page 1** - Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint



## INTRODUCTION

Plaintiffs, Kwai Fun Wong, Wi-Wei Tien Tao Association, and Chong Hua Sheng Mu Gong, originally commenced this action on May 18, 2001, by filing their Complaint which named the United States of America and several individual employees of the Immigration and Naturalization Service as the parties defendant. In the First and Second Claims for Relief, the original Complaint sought money damages against the individual defendants for alleged violations of Plaintiff's rights under the First, Fourth, and Fifth Amendments to the United States Constitution, and the original Complaint's Third Claim for Relief demanded a declaratory judgment against the United States. On September 26, 2001, defendants moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

On October 17, 2001, Plaintiffs filed a First Amended Complaint, which purported to state a claim for money damages against defendants under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. Defendants moved to dismiss the First Amended Complaint on October 29, 2001.

On November 13, 2001, Plaintiffs filed a Motion to Allow Filing of Second Amended Complaint. The proposed Second Amended Complaint purports to allege claims for money damages against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). In a declaration annexed to their Motion, Plaintiffs' counsel avers that on or about May 18, 2001 (*i.e.*, the same date on which this action was originally commenced), Plaintiffs filed administrative claims, and then asserts that the administrative exhaustion requirements will

be satisfied on or about November 19, 2001.[1] As will be demonstrated below, leave to file the Second Amended Complaint should be denied because the proposed amendment would be futile.

## ARGUMENT

Because they already have amended their Complaint once as a matter of right, Plaintiffs must obtain leave of the Court (or written consent of the adverse party)[2] for any further amendments. See Rule 15(a), FED.R.CIV.P. Futility of a proposed amendment, by itself, can justify denying leave to amend under Rule 15(a). See United States ex rel. Lee v. Smithkline Beecham, Inc., 254 F.3d 1048, 1052 (9th Cir. 2001). Here, Plaintiffs' proposed amendment clearly would be futile.

The FTCA is a limited waiver of sovereign immunity which authorizes suit against the United States for certain torts committed by Government employees acting within the scope of their employment. See 28 U.S.C. 1346(b)(1).[3] This waiver of immunity is subject to numerous

---

[1] Solely for purposes of this opposition to the Motion to Allow Filing of Second Amended Complaint, the United States accepts the truthfulness of the averment of Plaintiffs' counsel that the administrative claims were filed on or about May 18, 2001.

[2] As indicated in Plaintiffs' Motion, the United States has not consented in writing or otherwise to the filing of the proposed Second Amended Complaint.

[3] Section 1346(b)(1) provides in relevant part:

> Subject to the provisions of chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**Page 3** - Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint

conditions. One such condition is set forth in 28 U.S.C. 2675(a),[4] which requires exhaustion of administrative remedies before a suit under the FTCA may be instituted.

Section 2675(a) requires not only that Plaintiffs present their administrative claims to the appropriate Federal agency, but also that Plaintiffs forego instituting an action until the agency finally denies the claims in writing, or six months elapse without final disposition of the claim by the agency. Failure to comply with these requirements is a jurisdictional defect. See, e.g., McNeil v. United States, 508 U.S. 106, 112 (1993); Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000); Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995); Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992); Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984).

Here, according to the declaration of counsel annexed to the Motion to Allow Filing of the Second Amended Complaint, Plaintiffs' filed their administrative claims on or about May 18, 2001, the very same date on which they commenced this action by filing their original

---

[4]Section 2675(a), which is part of chapter 171 of title 28, United States Code, provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**Page 4**- Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint

Complaint. Thus, at the time this action originally was instituted, Plaintiffs had not yet completely exhausted their administrative remedies.

This jurisdictional defect cannot be cured simply by filing an amended complaint once the administrative exhaustion requirements have been satisfied. See, e.g., Sparrow v. U.S. Postal Service, 825 F.Supp. 252, 254-55 (E.D. Cal. 1993). As the Tenth Circuit stated in its decision in Duplan:

> We agree with the *Sparrow* court's conclusion that, as a general rule, a premature "complaint cannot be cured through amendment, but, instead, plaintiff must file a new suit." *Sparrow*, 825 F.Supp. at 255. Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the administrative exhaustion requirement meaningless and impose an unnecessary burden on the judicial system. *See McNeil*, 508 U.S. at 112; *Sparrow*, 825 F.Supp. at 255. "Congress intended to require complete exhaustion * * * before invocation of the judicial process." *McNeil*, 508 U.S. at 112.

Duplan, 188 F.3d at 1199. Accord, e.g., Reynolds, 748 F.2d at 293.[5]

Thus, the only way for Plaintiffs to properly invoke this Court's jurisdiction under the FTCA is to institute a new action once they have completely exhausted their administrative remedies. See McNeil, 508 U.S. at 111-12; Duplan, 188 F.3d at 1199; Reynolds, 748 F.2d at 293. Amending the complaint does not constitute instituting a new action, and leave to file such an amendment therefore should be denied.

---

[5] The Supreme Court subsequently cited the Fifth Circuit's decision in Reynolds with approval. See McNeil, 508 U.S. at 110 n.6. As noted by the court of appeals in Reynolds, under the provisions of Rule 15(c), FED.R.CIV.P., an amendment would relate back to the date on which the action was prematurely instituted. See Reynolds, 748 F.2d at 293.

**Page 5**- Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint

## CONCLUSION

For the above-stated reasons, the Court should not allow Plaintiffs to file the Second Amended Complaint in this matter.

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General

MARGARET J. PERRY
Senior Litigation Counsel
Office of Immigration Litigation

*/s/ Christine Bither*
CHRISTINE A. BITHER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044-0878
Telephone: (202) 514-3567

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2001, one copy of Defendants' Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint was served upon Plaintiffs' attorneys, by facsimile and by Federal Express for next day delivery addressed to:

> Beth Creighton, Esq.
> Tom Steenson, Esq.
> STEENSON, SCHUMAN, TEWKSBURY & ROSE, PC
> 815 SW Second Ave., Suite 500
> Portland, OR 97204

CHRISTINE A. BITHER

**Page 7**- Memorandum in Opposition To Plaintiffs' Motions To Allow Filing Of Second Amended Complaint