Tom Steenson    OSB #74313
Beth Creighton    OSB #97244
STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:     (503) 223-1516
e-mail: gillian@sstlr.com
          beth@sstlr.com

Of Attorneys for Plaintiffs

FILED'01 DEC 13 14:57 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KWAI FUN WONG, WU-WEI TIEN TAO ASSOCIATION and CHONG HUA SHENG MU GONG, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID BEEBE, JERRY F. GARCIA, JACK O'BRIEN, DOUGLAS GLOVER, JOHN DOES INS OFFICIALS and UNITED STATES OF AMERICA, <br><br> Defendants. | Civil No. 01-718-ST <br><br> PLAINTIFFS' MEMORANDUM RE: ADJUSTMENT OF STATUS |

**INTRODUCTION**

On November 5, 2001, the parties appeared before the court for oral argument on Defendant's Motion to Dismiss. During that hearing, the court requested clarification on the issue of adjustment of status issue. Plaintiff's clarification follows.

**A. Wong's Eligibility for Adjustment of Status under 245(i)**

8 USC 1255 or INA 245 allows a nonimmigrant to adjust his or her status to that of a person admitted for permanent residence. Pursuant to 245(i) an alien who is physically present in the United states who entered the United States without inspection and had filed a petition for

PAGE 1    PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

classification of adjustment of status under 8 USC 1154 on or before January 14, 1998 is eligible to apply for an adjustment of status. Wong had previously filed a petition for immigrant status as a special immigrant minister pursuant to 8 USC 1154(a)(1)(G)(ii).

Becoming a special immigrant under the ministerial provisions requires a two step process. First the religious organization for which an individual ministers must file a petition requesting the individual be granted immigrant status. In that petition, the religious organization must show that they are a "bona fide organization which is affiliated with the religious denomination and is exempt from taxation." 8 USCS 1101(a)(27)(C)(ii)(III). After the organization's petition is approved, the individual applying for immigrant status must fill out additional forms to show that they are, in fact, a minister of the organization and have been carrying out such a vocation continually for at least two years immediately preceding the time of application for admission. 8 USCS 1101(a)(27)(C)(i)& (iii). Plaintiff Wu Wei Tien Tao Association's petition was granted on November 9, 1992. Plaintiff Wong filed her petition for special immigrant status and had a petition pending from 1995, well before January 14, 1998. Therefore, plaintiff Wong was entitled to apply for an adjustment of status under INA 245(i) and the INS Nebraska office admitted as much by accepting her application.[1] [2]

---

[1] Under OI 245.2(a), an application for adjustment of status will be reviewed to determine whether it was properly filed and whether prima facie eligibility has been established. If prima facie eligibility is not established, the application shall be rejected.

[2] Defendant Beebe eventually denied Plaintiff Wong's adjustment of status application because he claimed she was ineligible under 245(a) or (c). The fact she was eligible for an adjustment of status under 245(i) was completely ignored by Defendant Beebe.

PAGE 2    PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

**B. Rights Of An Individual Filing For Adjustment Of Status.**

Once an applicant files for an adjustment of status and that application is accepted, the applicant has the right to have that application adjudicated. Upon receipt of the application and the filing fee, the Attorney General may adjust the status of the alien to that of a permanent resident if the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residency, and an immigrant visa is immediately available for the alien at the time the application is filed. 8 USC 1255(i)(2)(A) & (B). While the term "may" implies a discretionary element, the statute does not delineate when the Attorney General can exercise his or her discretion to deny an application. In addition, if discretion were exercised based on factors which were discriminatory, such as race or religion, a cause of action could exist for violations of the applicant's constitutional rights.[3]

It is plaintiffs' contention that Plaintiff Wong's application for adjustment of status needed to be ruled upon before Plaintiff Wong was subject to expedited removal. The filing of the application for adjustment of status took her out of the scope of the expedited removal statute. She was no longer "an arriving alien," if she ever was one.[4] She became a permanent resident applicant and was, therefore, not subject to expedited removal. Issuance of an expedited removal order when application still pending is action outside of defendant's statutory authority - INS is only authorized to apply expedited removal to arriving aliens, not to applicants for permanent residency.[5]

---

[3] A review of the transcript from November 5, 2001, will indicate that defense counsel conceded this at oral argument.

[4] Plaintiffs deny that Wong was an "arriving alien" because her absence was brief, casual and innocent and under the Fleuti doctrine, it was as if she never left the country.

[5] Moreover, if plaintiffs were allowed to proceed with discovery, the documents received may reveal policies and procedures supportive of plaintiffs' arguments.

PAGE 3     PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

Expedited removal is only intended to apply to those aliens who *indisputably* have no authorization to be in the United States. Wong did have authorization to be here. She had lived in the United States since 1992, she had an adjustment of status application pending, and she had prior applications for special immigrant status and the organization's initial approval as a bona fide religious group. In addition, when she returned from her emergency trip to Hong Kong, she had a valid visitor visa, which allowed her entry into the United States.[6] Plaintiff's authorization to be in the country is far from undisputable.

### C. Rights If 245(i) Application Is Denied

Ordinarily, when Plaintiff Wong's application for adjustment of status was denied, she could have moved to have her denial reopened or reconsidered under 8 CFR 103.5(a) within 30 days of the denial. Under the motion to reconsider, the official may reopen the proceeding or reconsider the prior decision. In the motion to reconsider, she could have used precedent to support her decision and argue that the decision was based on incorrect application of law or service policy, or that the decision was incorrect based on the evidence of the record at the time of the decision. 8 CFR 103.5(a)(3) Thereafter, Wong could have appealed the denial of the motion to reconsider to the Administrative Appeals Unit.

Plaintiff Wong had also filed for an adjustment of status to a permanent resident alien under the special immigrant status - minister provisions. 8 CFR 3.1(b) gives appellate jurisdiction to the Board of Immigration Appeals ("BIA") for denials of petitions for immigrant status. Whether or not she was a qualified minister under 8 USC 101(a)(27)(C)(i) would have been a decision that gave Wong the right to appeal her case to the BIA. Defendant Beebe did not notify her of the appellate jurisdiction nor did he furnish the appropriate appeal form under 8 CFR 103.3(iii). Instead, Defendant Beebe stated that his decision not to adjust Wong's status is

---

[6] Plaintiff Wong had an unrestricted, multiple entry, visitor visa (B1- business/B2- pleasure) when she entered the country on April 13, 1999. Her visa was valid indefinitately. She had documents to enter the country.

PAGE 4    PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

not subject to review because of the expedited removal order. Nowhere in the expedited removal statutes or regulations does it state that an applicant for adjustment of status will lose their appeal rights if the INS issues an order of expedited removal or that expedited removal trumps all other immigration law. By denying Plaintiff Wong of her appeal rights and right of review, Defendant Beebe acted outside the scope of his authority. In addition, Defendant Beebe (and Defendant Garcia) abused their authority by stating she was not entitled to review, when the denial was, in fact, subject to review. The expedited removal statute does not eliminate any other rights of due process that Plaintiff Wong had.

### D. CONCLUSION

Because Plaintiff Wong was denied her right to review and defendants acted outside the scope of their authority, plaintiffs should be allowed to proceed with their claims against defendants in this action.

DATED this 13th day of December 2001.

TOM STEENSON
BETH CREIGHTON
Of Attorneys for Plaintiffs

PAGE 5    PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792

**CERTIFICATE OF SERVICE**

I hereby certify that I telefaxed (202 / 616-9366) and mailed a true copy of the foregoing memorandum to Christine A. Bither, attorney for defendants, addressed to her Washington, D.C., office address on this date.

DATED this 13th day of December 2001.

*Beth Creighton*
BETH CREIGHTON
Of Attorneys for Plaintiffs

PAGE 6    PLAINTIFFS' MEMO RE: ADJUSTMENT OF STATUS

STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
815 S.W. 2nd Avenue #500
Portland, Oregon 97204
Telephone (503) 221-1792