Tom Steenson    OSB #74313
E-mail: *gillian@sstlr.com*
Beth Creighton   OSB #97244
E-mail: *beth@sstlr.com*
Zan Tewksbury   OSB #91165
E-mail: *zan@sstlr.com*
STEENSON, SCHUMANN,
TEWKSBURY & ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:    (503) 223-1516

Of Attorneys for Plaintiffs

FILED '02 AUG 16 13:38 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KWAI FUN WONG, WU-WEI TIEN TAO ASSOCIATION, and CHONG HUA SHENG MU GONG, | Civil No. 01-718-ST |
| Plaintiffs, | RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING A FINAL DECISION BY THE NINTH CIRCUIT ON DEFENDANTS' PENDING APPEAL AND MEMORANDUM OF LAW SUPPORTING PLAINTIFFS' MOTION FOR CERTIFICATION TO THE COURT OF APPEALS THAT THE APPEAL IS FRIVOLOUS |
| vs. | |
| DAVID V. BEEBE, JERRY F. GARCIA, JACK O'BRIEN, DOUGLAS GLOVER, JOHN DOE IMMIGRATION AND NATURALIZATION SERVICE OFFICIALS, and UNITED STATES OF AMERICA, | |
| Defendants. | |

Plaintiffs oppose defendants' motion to stay all proceedings pending a final decision by

PAGE 1 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE,  PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

84

the Ninth Circuit on defendants' pending appeal. Additionally, by way of separate motion, plaintiffs seek certification by the Court to the Court of Appeals that the appeal is frivolous, under the rule enunciated in *Chuman v. Wright*, 960 F2d 104 (9th Cir 1992). For the reasons that follow, defendants' motion should be denied, the court should certify to the Court of Appeals that the appeal is frivolous, and the case be allowed to proceed.

## INTRODUCTION

This case involves several claims arising from the wrongful arrest, detention, and deportation of Plaintiff Kwai Fun Wong, the spiritual leader of a Taoist religious order based in the United States. As to the first three claims, brought under the First, Fourth, and Fifth Amendments to the United States Constitution, plaintiffs allege that the individual defendants 1) deprived Plaintiff Wong of her right to practice her religion; her right to associate with others in the practice of her religion; her liberty rights under the governing immigration law; her right to be free from unreasonable seizures and searches; and her right to substantive and procedural due process of law; and, 2) deprived Plaintiffs Wu-Wei Tien Tao Association and Chong Hua Sheng Mu Gong of their rights and the rights of their members to practice their religion and to associate with others in the practice of their religion, including, but not limited to, their right to associate with Plaintiff Kwai Fun Wong. All plaintiffs seek damages on their claims against the individual defendants for the violation of their constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 US 388 (1971).

Plaintiffs additionally allege claims for damages under Religious Freedom Restoration Act, 42 USC § 2000bb, and under the Federal Tort Claims Act, 28 USC § 2675. These two claims lie against Defendant United States of America alone. Finally, Plaintiffs Kwai Fun Wong

PAGE 2 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

and Wu-Wei Tien Tao Association seek a declaration that the Defendant United States of America, in the form of the Immigration and Naturalization Service, must provide Plaintiff Kwai Fun Wong the opportunity to appeal or seek reconsideration of the denial of her application for status adjustment under 8 CFR § 103.5(a).

After the Court denied the individual defendants' motion to dismiss the two *Bivens* claims on grounds of qualified immunity, defendants filed an interlocutory appeal with the Ninth Circuit, and a simultaneous motion to stay all proceedings pending a final decision by the Ninth Circuit on the pending appeal. *All* defendants seek to stay *all* proceedings in the instant action, including suspending discovery on the claims not subject to the appeal, and abating the action for declaratory relief, until after the Ninth Circuit renders its ruling on the instant appeal. As argued herein, defendants motion lacks legal merit and should likewise be denied on grounds of fundamental fairness and justice.

## ARGUMENTS SUPPORTING PLAINTIFFS' OPPOSITION
## TO MOTION TO STAY PROCEEDINGS

**1.  A stay of the trial court proceedings is only mandated in the case of interlocutory appeals that are clearly nonfrivolous.**

In a case in which an interlocutory appeal from a denial of qualified immunity has been made, the district court is automatically divested of jurisdiction over the matters involved in the appeal only where the appeal is proper; if the district court finds that the appeal is frivolous, it is not automatically divested of jurisdiction, and may properly proceed, even to trial, pending the appeal of a denial of qualified immunity. *Chuman v. Wright*, 960 F2d 104 (9th Cir 1992). The ability of the district court, under certain circumstances, to retain jurisdiction over the

PAGE 3 -- OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

proceedings notwithstanding an interlocutory appeal of a denial of qualified immunity is to protect the legitimate interests of a plaintiff in not being subjected to undue and potentially prejudicial delay in the proceedings, particularly where the appeal lacks merit. *See Apostol v. Gallion*, 870 F2d 1335 (7th Cir 1989)(upon which the Ninth Circuit relied heavily in adopting the rule set forth in *Chuman, supra*).

As the Supreme Court has held that defendants may bring multiple appeals of denials of qualified immunity in a single case, the ability of the district court to weed out frivolous appeals takes on greater significance. *Behrens v. Pelletier*, 516 US 299, 116 S Ct 834, 133 L Ed 2d 773 (1996). Even the Supreme Court acknowledged that defendants may abuse their right of interlocutory appeal, to the extreme detriment of a plaintiff, and recognized the important role the district court can play in weeding out abusive, repeated appeals. *Behrens, supra,* 516 US at 310-311.

Regarding the denial of defendants' motion to dismiss on qualified immunity grounds, the Court wrote:

> With respect to the first step of the qualified immunity analysis, the allegations viewed in the light most favorable to plaintiffs reveal that they have alleged colorable constitutional claims... With respect to the second step of the qualified immunity analysis, assuming that defendants denied advance parole to Wong on the basis that she was of a race or national origin, or the leader of a religious organization that defendants abhor, *defendants simply could not 'have reasonably but erroneously believed that [their] conduct did not violate the plaintiff's rights.'*

*Order, Findings and Recommendations*, CV-01-718-ST (April 5, 2002), at 39 (emphasis added).[1]

The above findings of the Court are sufficient for it to certify to the Court of Appeals that

---

[1] An Article III judge adopted in full the Court's Findings and Recommendations by Opinion and Order dated June 25, 2002.

PAGE 4 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

the appeal of its denial of qualified immunity at the motion to dismiss stage is frivolous. The Court made full and fair findings in denying defendants' motion to dismiss on grounds of qualified immunity which would justify its retention of jurisdiction over the case pending the outcome of the instant appeal, and thus justify a denial of the motion to stay. *See Chuman, supra,* 960 F2d at 105.

Furthermore, the case law relied on by defendants to support their motion to stay all proceedings against all defendants does not help them. The facts in the *Behrens* case, relied on heavily by defendants, is easily distinguishable, where that case involved allegations (i.e, the discharge of a federal bank employee by a government official) that simply did not make out violations of any well-established constitutional rights, as the Ninth Circuit subsequently ruled on remand. *See Pelletier v. Behrens,* 130 F3d 429; *petition for rehearing denied,* 145 F3d 1094 (9th Cir 1997).[2] By contrast, the Court has already ruled in the instant case that plaintiffs' allegations constitute "colorable constitutional claims," and that, if plaintiffs' prove defendants violated those rights, under no set of circumstances would the defendants be able to assert that they "reasonably but erroneously believed" their conduct did not violate those rights. *Order, Findings and Recommendations, supra,* at 39. In sum, the plaintiff in *Behrens* did not even establish the existence of a clearly-established constitutional right, whereas in the instant case, plaintiffs clearly have. The *Behrens* case is inapposite.

In sum, the individual defendants' appeal from the Court's denial of their motion to

---

[2] Defendants likewise make much of the fact that the *Behrens* Court granted a motion to stay against the FTCA claims against the United States as well. Given the Ninth Circuit's clear message that it did not believe the plaintiff's claims would withstand a motion for summary judgment, this is not surprising. *Pelletier v. Behrens (Pelletier I),* 968 F2d 865, 871 (9th Cir 1992).

PAGE 5 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

dismiss the constitutional claims against them is frivolous. The Court should so certify to the Court of Appeals and deny defendants' motion to stay on those grounds.[3]

2.    **The appeal, even if found not to be frivolous, involves only the individual defendants and only two of five claims asserted herein.**

This case involves claims not just against the individual defendants who have launched the instant appeal, but also asserts distinct claims against the United States of America under both RFRA and the Federal Tort Claims Act, to which the individual defendants are not parties. The claim for declaratory judgment likewise does not involve the individual defendants. Thus, even if the Court does not find the instant appeal frivolous for the reasons set forth above, defendants' motion to stay all proceedings is clearly overly broad.

Furthermore, contrary to defendants' bald assertion, there is no legal support for the sweeping breadth of its motion to stay. Indeed, ruling authority demands a denial of the motion. The Supreme Court in *Behrens, supra,* makes it clear, consistent with Ninth Circuit authority, that an appeal of a denial of qualified immunity involves the "right to immunity *from certain claims*, not from litigation in general." 516 US at 312 (emphasis in the original); *see also, Di Martini v. Ferrin*, 889 F2d 922, 924-25 (9th Cir 1989)(*citing Scott v. Lacy*, 811 F2d 1153 (7th Cir 1987). The right to immunity is first and foremost a right to immunity from trial. *Behrens, supra, id.* The case law simply does not support a finding that it is proper to stay all proceedings

---

[3]The propriety of the Court so finding at this stage is highlighted when it is a virtual certainty, given the defendants' repeated and unsuccessful attempts to date to stave off discovery, that they will exercise their *Behrens* rights and appeal the denial of qualified immunity at the summary judgment stage, thereby further delaying the proceedings and causing irreparable harm to the plaintiffs' interests, particularly with respect to the claim for declaratory relief. *See* discussion, *infra*, at Number 6, regarding prejudice and harm to the plaintiffs should the Court grant a motion to stay all proceedings against all defendants.

PAGE 6 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

in a case where qualified immunity can be asserted as a defense by *some, but not all*, defendants, and as to *some, but not all* claims. Thus, where, as in the instant case, the government is named as a defendant, or there are additional claims made for which qualified immunity is not an available defense, an appeal of a denial of qualified immunity with respect to constitutional claims does not merit a stay of proceedings as to the governmental defendant nor as to the additional claims, particularly one, such as the claim for declaratory relief, which does not seek damages.[4] *Di Martini, supra*, 889 F2d at 925. There is no basis in law or in fact for the Court to grant a motion to stay all proceedings against all defendants. Defendants' motion should be denied for this additional reason.[5]

**3.     There is no just reason to stay discovery of documents which the Court has already ordered produced.**

Despite defendants' repeated attempts throughout the course of litigation of this case to prevent discovery from taking place, the Court has already ordered defendants to produce documents requested in Plaintiffs' First Discovery Requests (which have already been made part of the record in this case as an exhibit to plaintiffs' motion to compel discovery), including Plaintiff Wong's "A-File" and other documents directly related to defendants' knowledge of and treatment of plaintiffs, as well as information directly, or at least potentially relevant, to the INS' orders, rules, procedures, etc., relevant to the conduct giving rise to plaintiffs' claims. *Order, Findings and Recommendations, supra*, at 50.

---

[4] The United States of America, of course, is not entitled to assert a claim for qualified immunity, that defense being available only to individually named governmental actors. *Saucier v. Katz and In Defense of Animals*, 121 S Ct 2151, 2156 (2001).

PAGE 7 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

As the discovery which has already been ordered to be produced is relevant to plaintiffs' claims under RFRA and the FTCA, as well as to the claim for declaratory relief, and because the United States is not a proper party to the instant appeal, and for all the reasons stated thus far herein, discovery should be allowed to proceed in this case, regardless of whether the Court retains jurisdiction over the constitutional claims during the pendency of the appeal on the issue of qualified immunity.

4.  **There is a live case and controversy with respect to the claim for declaratory relief; granting defendants' motion would cause irreparable harm to plaintiffs.**

This case does not just involve injuries for past action for which damages are sought. Rather, this case also involves a live case and controversy and ongoing harm to plaintiffs in that Wong has been deported and ordered not to re-enter this country for a period of five years. In addition to their damage claims, plaintiffs seek a judgment from the Court against the United States of America, declaring that the INS must provide plaintiff Wong an opportunity to appeal or seek post-denial reconsideration of the denial of her petition for adjustment of immigration status. Granting defendants' motion to stay all proceedings, including plaintiffs' claim for declaratory relief, pending a final decision of the Ninth Circuit on their pending appeal would result in a needless and highly prejudicial delay on the declaratory relief action, which could work to minimize or reverse the ongoing harm being suffered by plaintiffs.

The Supreme Court recently addressed the gravity of harm that could inure to a plaintiff when a blanket stay of proceedings is granted. In a slightly different but not altogether incompatible context to the one at issue in the instant case, the Court held that "it was an abuse of discretion for the District Court to defer the trial until after the President leaves office. Such a

PAGE 8 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial." *Clinton v. Jones,* 520 US 681, 707 (1997)  The Court went on to note that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Id.* at 708.  As the *Clinton* Court found, so should the Court here find that a blanket stay of all proceedings, including discovery and action on the claim for declaratory relief in the instant case, would have a deleterious effect on plaintiffs' legitimate and urgent interests in having the merits of their claims reached without undue and harmful delay.

## CONCLUSION

For all the foregoing reasons, defendants' motion to stay all proceedings should be denied, and plaintiffs' motion for certification to the Court of Appeals that the instant appeal is frivolous should be granted and jurisdiction retained by the Court over all of plaintiffs' claims pending the outcome of the appeal.

RESPECTFULLY SUBMITTED this 15th of August, 2002.

_____
ZAN TEWKSBURY, OSB # 91165
Telephone: (503) 221-1792
Of Attorneys for Plaintiffs

PAGE 9 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE,  PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel:  (503) 221-1792

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true copy of the foregoing Memorandum of Law in support of plaintiffs' opposition to defendants' motion to stay all proceedings, and in support of plaintiffs' motion for certification, to Christine Blither, of attorneys for defendants, addressed to her Washington, DC office address on this 15th of August, 2002.

*/s/ , OSB #91165 for*
TOM STEENSON, OSB #74313
Telephone: (503) 221-1792
Of Attorneys for Plaintiffs

PAGE 10 – OPP TO DEFS' MOTION TO STAY PROCEEDINGS
PENDING DECISION ON APPEAL/IN SUPP OF PLS' MOT FOR CERTIFICATION
TO COURT OF APPEALS THAT APPEAL IS FRIVOLOUS

Z:\Tom\CASES\Wu Wei\Pleadings\respinoppmotstayproceedingspendingapp.wpd

STEENSON
SCHUMANN
TEWKSBURY
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792