

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
MARGARET J. PERRY
Senior Litigation Counsel
CHRISTINE A. BITHER
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

ANNE MURPHY
United States Department of Justice
Civil Division, Appellate Staff
Room 9547, 601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-3688
Facsimile: (202) 514-7964
Anne.Murphy@.usdoj.gov
Member of the Maryland Bar
 (no Bar Numbers issued in Maryland)

Attorneys for Defendants

FILED '02 OCT 17 10:41 USDC-ORP

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| KWAI FUN WONG and WU-WEI TIEN TOA ASSOCIATION, ) ) ) | Civil No. 01-00718 ~~BR~~ (JMS)  ST |
| Plaintiffs, ) ) ) | |
| v. ) ) | **NOTICE OF SUPPLEMENTAL AUTHORITIES** |
| DAVID V. BEEBE, JERRY F. GARCIA, JACK O'BRIEN, DOUGLAS GLOVER, JOHN DOE IMMIGRATION AND NATURALIZATION SERVICE (INS) OFFICIALS, and UNITED STATES OF AMERICA, ) ) ) ) ) ) ) | |
| Defendants. ) | |



In response to this Court's October 11, 2002, instructions from the bench, the defendants file this Notice of Supplemental Authorities in support of their argument that their qualified immunity appeal to the Ninth Circuit is not frivolous.

The burden of demonstrating frivolity in this context is formidable: "[A] frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction[.]'" Marks v. Clarke, 102 F.3d 1012, 1017 n.8 (9th Cir. 1997). As the following list of supplemental authorities will show, substantial legal grounds justify the defendants' interlocutory appeal. The Plaintiffs' motion to certify the appeal as frivolous should therefore be denied.

1.      Unlike other litigants, the federal government cannot simply take an appeal from every appealable order entered against it. Rather, the filing of every appeal must be individually approved by the Solicitor General. See 28 C.F.R. § 0.20(b).

After the usual process of solicitation of the views of interested government components, internal deliberation and analysis, the Solicitor General authorized the interlocutory appeal in this case on October 10, 2002. The appellants' opening brief is due on October 31.

2.      Defendants asserting qualified immunity may appeal from the denial of a motion to dismiss. See Behrens v. Pelletier, 516 U.S. 299, 307 (1996) (explaining that "an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a 'final' judgment subject to immediate appeal").

3.      Defendants have a powerful argument that the Bivens action is barred by the plain language of 8 U.S.C. § 1252(g). The Immigration and Nationality Act ("INA") expressly provides that "notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

2

commence proceedings, adjudicate cases, or execute removal orders against any alien" under the INA. 8 U.S.C. § 1252(g). See generally Reno v. American-Arab Anti Discrimination Committee, 525 U.S. 471, 472 (1999) (holding that 8 U.S.C. § 1252(g) bars review of "three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'"). The Fifth Circuit in Humphries v. Various Federal INS Employees, 164 F.3d 936 (5th Cir. 1999), and the Tenth Circuit in Van Dinh v. Reno, 197 F.3d 427 (10th Cir. 1999), have held that 8 U.S.C. § 1252(g) bars a Bivens action.

This argument is cognizable on interlocutory appeal because the court of appeals has jurisdiction over matters "inextricably intertwined" with the appeal on qualified immunity. See Swint v. Chambers County Commission, 514 U.S. 35, 50-51 (1995); Huskey v. City of San Jose, 204 F.3d 893, 896 (9th Cir. 2000). Because the court can properly decide questions relating to qualified immunity, then it can also decide – and indeed, has an obligation to decide – the "inextricably intertwined" question of its own jurisdiction over the underlying claim. See Herman Family Revocable Trust v. TEDDY BEAR, 254 F.3d 802, 804 (9th Cir. 2001) (discussing the appellate court's obligation to satisfy itself of its own jurisdiction).

4.      Defendants also have a strong argument that the magistrate judge erred in holding that suit could proceed against the individual INS defendants for claims based upon Ms. Wong's alleged conditions of confinement at MCDC, a state facility. Government officials may be held liable in damages based only upon their personal actions; they may not be held liable under a respondeat superior theory of recovery based upon the position or office they occupy in the federal government or be held vicariously liable for any act of a subordinate that they did not personally participate in or direct the subordinate to commit. See generally Rizzo v. Goode, 423 U.S. 362 (1976) (a

supervising official does not violate a victim's constitutional rights unless he or she has played "an affirmative part" in the alleged misconduct of the subordinates).

In their Complaint, the Plaintiffs nowhere alleged that the federal defendants had any relevant connection whatever to Ms. Wong's conditions of confinement at MCDC. The Complaint is accordingly insufficient on its face to allege liability on the part of the federal defendants for any acts that allegedly occurred at MCDC.

5.  Based upon Supreme Court and Circuit precedent, defendants also have a strong argument that the magistrate judge erred in accepting plaintiffs' conclusory allegations of discrimination as sufficient to make out a constitutional violation under applicable law. See Cmplt., ¶¶ 32 & 33 (alleging generally that the defendants "discriminated against plaintiffs because of their religious practices, beliefs, and association" and discriminated against Ms. Wong "because of her race and/or national origin").

The defendants will demonstrate to the Ninth Circuit that far from violating the INA, the individual defendants simply implemented the plain terms of the statute. Under these circumstances, the plaintiffs' bare allegations of improper intent are insufficient to save the Complaint. See generally Crawford-el v. Britton, 523 U.S. 574, 598 (1998) (explaining that to shield defendants from unnecessary litigation, district courts may "insist that the plaintiff 'put forward specific, nonconclusory factual allegations that establish improper motive' * * * in order to survive a prediscovery motion for dismissal"). See also Western Mining Council v. Watt, 643 F.3d 618, 624 (9th Cir. 1981) (explaining that a court should not "assume the truth of the legal conclusions merely because they are cast in the form of factual allegations"); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (explaining that court need not consider legal conclusions pled as facts

"if those conclusions cannot reasonably be drawn from the facts alleged"); Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) ("'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss'").

In particular, as the Supreme Court pointed out in Crawford-el, the type of discriminatory intent at issue here is not an "animus directed at the plaintiff; rather, it is more specific, such as an intent to disadvantage all members of a class that includes the plaintiff * * *." Crawford-el, 523 U.S. at 592. The Complaint is devoid of any allegations that the defendants treated people of Ms. Wong's nationality or her religion (or indeed, of any religion) differently from any other class of applicant in immigration proceedings.

These authorities (and others that were not addressed during the October 11 hearing) demonstrate that substantial legal grounds justify the defendants' qualified immunity appeal. The plaintiffs' motion to certify the appeal as so frivolous as to fail to invoke appellate jurisdiction should accordingly be denied.

Respectfully submitted,

*[signature]*
Robert M. Loeb
(202) 514-4332

*[signature]*
Anne Murphy
(202) 514-3688

Attorneys
Civil Division
Appellate Staff
Room 9547
601 D Street, N.W.,
Washington, DC 20530.
(202) 514-3688

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2002, this Notice of Additional Authorities was filed with this Court and was served, by prepaid overnight mail, upon the following counsel:

> Beth Creighton, Esq.
> Tom Steenson, Esq.
> STEENSON, SCHUMAN, TEWKSBURY & ROSE, PC
> 815 SW Second Ave., Suite 500
> Portland, OR 97204

*[signature]*
ANNE MURPHY
Attorney