IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| KWAI FUN WONG and WU WEI TIEN TAO ASSOCIATION, | ) ) | |
|---|---|---|
| | ) | CV-01-718-ST |
| Plaintiffs, | ) ) | |
| | ) | OPINION AND ORDER |
| v. | ) ) | |
| DAVID V. BEEBE, JOHN DOE IMMIGRATION AND NATURALIZATION SERVICE (nka DEPARTMENT OF HOMELAND SECURITY) OFFICIALS, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

STEWART, Magistrate Judge:

The parties have filed two related motions. Defendants filed a Motion for Judgment on the Pleadings or Summary Judgment (docket #136) against plaintiffs' Third Claim for Declaratory Judgment alleged in the Third Amended Complaint. In response, plaintiffs filed a Motion to Allow Filing of Fourth Amended Complaint (docket #143) which amends the Third

1 - OPINION AND ORDER

Claim for Declaratory Judgment. For the following reasons, plaintiff's motion is granted which renders defendants' motion moot.

## BACKGROUND

This issue stems from this court's Findings and Recommendations dated April 5, 2002, *inter alia*, dismissing the Third Claim alleged in the Second Amended Complaint and granting leave to replead to seek declaratory relief allowing Wong pursue a request for reopening or reconsideration (docket #62). Judge Robert E. Jones adopted those recommendations on June 25, 2002 (docket #69). Defendants then filed an interlocutory appeal on the qualified immunity issue. Two years later after the Ninth Circuit issued its decision on the interlocutory appeal, plaintiffs filed their Third Amended Complaint on October 8, 2004 (docket #110) in order to address the issues decided by the Ninth Circuit. The Ninth Circuit did not address the declaratory judgment claim.

In filing the Third Amended Complaint, plaintiffs overlooked the April 5, 2002 Findings and Recommendation which allowed them to amend the declaratory judgment claim. Instead, the Third Claim alleged in the Third Amended Complaint remained the same as alleged in the Second Amended Complaint. Accordingly, defendants seek judgment on the pleadings as to that claim in accordance with this court's prior ruling.

After reviewing that motion, plaintiffs discovered that while focusing on the Ninth Circuit's decision on the interlocutory appeal on qualified immunity grounds, they had neglected to fully consider the April 5, 2002 Findings and Recommendation on the declaratory judgment claim and seek to file a Fourth Amended Complaint to address that oversight. The proposed Fourth Amended Complaint amends only the Third Claim in order to cure the prior defect.

**DISCUSSION**

The parties dispute whether amendment of the complaint at this juncture is governed by FRCP 15 or 16. FRCP 15 allows amendment after a responsive pleading has been filed and states that "leave shall be freely given when justice so requires." However, FRCP 16 governs amendments of the pleadings once a scheduling order establishes a deadline. *See Coleman v. Quaker Oats Co.*, 232 F3d 1271, 1294 (9th Cir 2000). Under FRCP 16, an attempt to amend a complaint after the time allowed by a scheduling order must be justified by "good cause." *Id*. On September 28, 2004, this court entered a scheduling order requiring plaintiffs to amend their complaint by October 8, 2004. Thus, under FRCP 16, they must now show "good cause."

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F2d 604, 607-08 (9th Cir 1992). Defendants contend that plaintiffs cannot meet this standard because they have been careless, not diligent.

This court disagrees. Plaintiffs certainly are not guilty of carelessness or bad faith. Their oversight with respect to the Third Claim is understandable given the long time period between the issuance of the April 5, 2002 Findings and Recommendations and the Ninth Circuit's decision on the interlocutory appeal and the fact that the declaratory judgment claim was not addressed by the Ninth Circuit. Furthermore, after remand, the procedural posture of this case has ben complicated and confusing. At worst, plaintiffs are guilty only of an excusable oversight which has minimal impact on the prosecution of this case.

///

///

3 - OPINION AND ORDER

Despite the deadline set forth in the scheduling order, the five month delay between the filing of the Third Amended Complaint and this motion to amend is not undue. Plaintiffs sought amendment as soon as they discovered that they had failed to amend the Third Claim as allowed by the court several years earlier. All that has happened in the interim is the filing of defendants' Motion to Dismiss, which is still pending, and Motion for Judgment on the Pleadings. Defendants have not been prejudiced. This case is still in the pleading stages. Discovery is still ongoing with the discovery deadline extended to May 31, 2005. The Pretrial Order is not due until October 19, 2005.

The primary concern of the court with allowing the proposed amendment is whether it would be futile. This court previously ruled that plaintiffs could not seek a declaration requiring the INS to rule on Wong's adjustment of status application under INA § 245(i), explaining:

> The Denial Letter makes clear that the INS made a decision under INA § 245(i), namely that it did not apply because Wong had not "entered without inspection" as required under subsection (1)(A)(i) and because Wong was on parole status and not subject to INA § 245(c) as required under subsection (1)(A)(ii). Because the declaratory relief Wong seeks has already been granted, the Third Claim for Relief, as presently pled, should be dismissed.

April 5, 2002 Findings and Recommendation, p. 43

However, plaintiffs also asserted that defendants denied Wong the opportunity to receive full and fair consideration of her application for adjustment of status by refusing to reach the merits of her application under INA § 245(i), and also prevented plaintiffs from pursuing any of her post-decision rights by summarily arresting, imprisoning, and then removing Wong from the United States. This court concluded that the INS did not reach the merits of the adjustment of status application and that Wong had the right to ask for reopening or reconsideration of the

denial of her adjustment of status application under 8 CFR § 103.5(a)(1)(i).

Had Wong filed such a motion, she would have been able to argue that the decision was incorrect due to an incorrect application of law, Service policy, and/or evidence of record at the time of the initial decision. *See* 8 CFR 103.5(a)(3). In particular, Wong would have been able to raise the issue of whether the application should have been considered under subsection (1)(A)(i) because Wong "entered without inspection." She also would have been able to argue that "intervening equities" supported her request for adjustment of status and challenge the assertions in the Denial Letter that she had "displayed a significant pattern of misconduct" and "flagrantly circumvented the normal immigrant visa-issuing process abroad by the United States consul." Denial Letter, p. 2. Plaintiffs allege, however, that defendants deliberately and improperly short-circuited that process.

The last sentence of the Denial Letter states "please note that the decisions in this case are not subject to review given your final order of removal pursuant to Section 235(b)(1) of the Act, as amended." Denial Letter, p. 3. Although the statement may have been intended to allude only to the lack of judicial review, it can easily be construed to mean no review, even by the official who made the decision on a motion to reopen or reconsider. At best, it was misleading to represent that the decision on the application for adjustment of status was "not subject to review." This gives rise to a potential claim that defendants denied Wong the opportunity to request reopening or reconsideration under 8 CFR § 103.5(a). As a result, this court granted plaintiffs leave to replead to seek declaratory relief that defendants are required to allow plaintiffs to pursue a request for reopening or reconsideration.

///

5 - OPINION AND ORDER

In compliance with this court's ruling, plaintiff's proposed amendment to the Third Claim alleges as follows:

> 39. Defendants subjected Plaintiff Wong to expedited removal, detaining her and forcing her to leave the United States, thereby effectively denying plaintiffs their post-denial rights they had to request a reopening or reconsideration of the application for adjustment of status and an opportunity to argue that the denial of the adjustment of status was incorrect, based on an incorrect application of law or Service policy and on an [*sic*] erroneous evidence.
>
> 40. Plaintiffs are entitled to pursue their post-denial rights by requesting a reopening or reconsideration of the application for adjustment of status and arguing that the denial of the adjustment of status was incorrect, based on an incorrect application of law or Service policy and on an [*sic*] erroneous evidence.

Defendants argue that this proposed amendment is futile because defendants placed no obstacles in Wong's way to file a motion for reconsideration or reopening. First, on appeal, defendants argue that Wong waived any claim challenging the execution of her removal, and only challenges the decisions which preceded her removal. *Wong v. United States*, 373 F3d 952, 964-65 (9th Cir 2004). The filing of a motion to reopen or reconsider "does not stay the execution of any decision in a case to extend a previously set departure date." 8 CFR § 103.5(a)(1)(iv). Furthermore, "[a]n alien whose admissibility is being considered under [these regulations] or has been ordered removed pursuant to [the regulations] shall be detained pending determination and removal." 8 CFR § 235.3(b)(2)(iii). Thus, Wong would have been detained and removed even if she had filed a motion to reopen or reconsider. Second, defendants point out that Wong was represented by counsel before and during her detention who could have filed a motion to reopen or reconsider on her behalf while she was detained or even after her removal.

Even though the INS had the right to detain and remove Wong, Wong alleges that while

in detention, she was not provided with a translator or information about her rights or how to contact her attorney and was denied access to information about her right to appeal her adjustment of status denial and request a hearing before an administrative law. Proposed Fourth Amended Complaint, ¶¶ 18-21. Those allegations, combined with the statement in the Denial Letter, are sufficient to state a declaratory relief claim because, if true, defendants effectively denied Wong the right to request a reopening or reconsideration of her application for adjustment of status. Although defendants may well have the better argument on the facts, that argument must await the close of discovery and the filing of a motion allowing this court to consider all the facts.

Defendants also argue that, despite having years to analyze the Denial Letter and applicable regulations, plaintiffs do not sufficiently identify how the INS decision was incorrect. However, once again, that argument is premature. Given the liberal notice pleading under FRCP 8(a), plaintiffs need not be as precise at this juncture as defendants may prefer. Besides, defendants should be well aware by this time that Wong contends, at the very least, that the INS relied on erroneous facts.

Although the Third Claim is alleged by both plaintiffs, the Association has no standing to assert this claim. Wong was the applicant for adjustment of status. *See* 8 USC § 1255(a)(1)(i). At most, the Association sponsored Wong for resident alien status, but was not the applicant. Only an applicant may request reopening or reconsideration of a denial of adjustment of status application. Therefore, only Wong can seek a declaration to have the denial of her application for adjustment of status reconsidered or reopened.

///

**ORDER**

For the reasons set forth above, plaintiffs' Motion to Allow Filing of Fourth Amended Complaint (docket #143) is GRANTED as to plaintiff KWAI FUN WONG and DENIED as to plaintiff WU WEI TIEN TAO ASSOCIATION. As a result, defendants' Motion for Judgment on the Pleadings or Summary Judgment (docket #136) against plaintiffs' Third Claim for declaratory judgment alleged in the Third Amended Complaint is DENIED AS MOOT.

Plaintiffs shall file the Fourth Amended Complaint no later than 10 days after a ruling by a district court judge on defendant's pending Motion to Dismiss.

DATED this 26th day of April, 2005.

    /s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge