IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KWAI FUN WONG and WU WEI TIEN TAO ASSOCIATION, | )<br>)<br>) CV-01-718-ST |
| Plaintiffs, | )<br>) |
| | ) FINDINGS AND |
| v. | ) RECOMMENDATION |
| | ) |
| DAVID V. BEEBE, JOHN DOE IMMIGRATION AND NATURALIZATION SERVICE (nka DEPARTMENT OF HOMELAND SECURITY) OFFICIALS, and UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

STEWART, Magistrate Judge:

## **INTRODUCTION**

Following an appeal to the Ninth Circuit (*Wong v. United States of America, Immigration and Naturalization Service, et al*, 373 F3d 952 (9th Cir 2004)), this court granted in part and denied in part the Motion to Dismiss (docket #112) by defendant David V. Beebe ("Beebe"),

1 - FINDINGS AND RECOMMENDATION

directed at the claims alleged in the Third Amended Complaint (docket #110). *See* Findings and Recommendation ("F&R") dated April 26, 2005 (docket #151), and Order (docket #169) adopting the F&R. Thereafter, plaintiffs filed a Fourth Amended Complaint (docket #170).

The matter now before this court is defendant Beebe's Motion for Judgment on the Pleadings (docket #175) directed at the Fourth Amended Complaint. For the reasons that follow, this court recommends that the motion be granted as to the Second Claim (First Amendment) alleged by Wong insofar as it is based on Wong's inability to associate with her followers, and otherwise denied.

## **LEGAL STANDARD**

A motion for judgment on the pleadings under FRCP 12(c) is "'properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F3d 708, 713 (9th Cir 2001), quoting *Nelson v. City of Irvine*, 143 F3d 1196, 1200 (9th Cir), *cert denied*, 525 US 981 (1998). A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss under FRCP 12(b)(6), but is filed after the pleadings are closed. *Dworkin v. Hustler Magazine, Inc.*, 867 F2d 1188, 1192 (9th Cir), *cert denied*, 493 US 812 (1989). Thus, when evaluating either type of motion, the court must limit its review to the allegations of material facts set forth in the complaint, read those allegations in the light most favorable to the non-moving party, and take those allegations and any reasonable inferences that can be drawn therefrom as true. *Pareto v. FDIC*, 139 F3d 696, 699 (9th Cir 1998) (motion to dismiss); *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F2d 228, 230 (9th

Cir 1989), *cert. denied*, 493 US 1079 (1990) (motion for judgment on the pleadings) (citation omitted).

## ALLEGATIONS OF THE FOURTH AMENDED COMPLAINT

The factual allegations pertinent to this case are set forth in detail in the Ninth Circuit's opinion. *Wong*, 373 F3d at 957-59 (Section I.A.). This court accepts those allegations as true for purposes of the pending motion and incorporates them by reference.

On June 17, 1999, the United States Immigration and Naturalization Service ("INS")[1] detained plaintiff Kwai Fun Wong ("Wong") at its Portland, Oregon office. Wong is a citizen of Hong Kong, the Matriarch of the Tao Heritage, and the leader of plaintiff Wu-Wei Tien Tao Association ("Association"), a worldwide non-profit religious organization registered in Oregon. Fourth Amended Complaint, ¶¶ 3-4. The Association operates Chong Hua Sheng Mu Gong, a non-profit religious organization located in Houston, Texas.[2] Wong has taken life-long vows of vegetarianism and celibacy. *Id*, ¶¶ 18, 23.

To handle the funerary services for her predecessor, Qian Ren, Wong departed the United States on March 27, 1999, without obtaining advance parole. *Id*, ¶¶ 9-10. When she returned on April 13, 1999, she was given temporary parole for a deferred inspection on April 28, 1999. *Id*, ¶ 11. She then filed an application for adjustment of status on April 20, 1999. *Id*, ¶ 12. On April 29, 1999, Beebe terminated Wong's temporary parole for failure to appear for inspection

---

[1] All functions of the INS have now been transferred to the Department of Homeland Security. However, because this agency was known as the INS at all times relevant to plaintiffs' allegations, this court will refer to it as the INS, as did the Ninth Circuit. *Wong*, 373 F3d at 958 n4.

[2] Chong Hua Sheng Mu Gong was originally a named plaintiff in this action. However, on October 11, 2002, District Court Judge Robert E. Jones granted its request to withdraw as a party. Minute Order (docket #94).

on April 28, 1999, and on May 20, 1999, the INS ordered her removed as inadmissable. *Id*, ¶¶ 14-15.

On June 9, 1999, Beebe issued a letter requesting Wong to appear at the INS's Portland office on June 17, 1999, to receive her Employment Authorization Card. *Id*, ¶ 16. When Wong appeared on June 17, 1999, she was detained, arrested, handcuffed and taken to the Multnomah County Detention Center ("MCDC"). *Id*, ¶ 17. Wong was imprisoned at MCDC for five days, during which time she alleges that she was twice subjected to strip searches, including orifice searches, was denied access to her attorney or her followers, and was denied vegetarian meals. *Id*, ¶¶ 17-18. On June 22, 1999, Wong was removed from the United States and remains outside the country. *Id*, ¶ 20.

Wong and the Association allege that defendants, the INS and its officials, including defendant Beebe, the former District Director of the INS office in Portland, Oregon,[3] violated their rights under the First and Fourth Amendments[4] to the United States Constitution and substantially burdened their exercise of religion in violation of the Religious Freedom Restoration Act ("RFRA"), 42 USC §§ 2000bb-1.

///

///

///

---

[3] Prior to the filing of the Fourth Amended Complaint, the pleadings also named as defendants Jerry F. Garcia, the Assistant Director of the Portland INS office, and Douglas Glover, the Port Director of the Portland INS office. Although neither of those individuals is now named as a defendant, the Fourth Amended Complaint does name John Doe INS officials.

[4] Prior to appeal, Wong also alleged that INS officials violated her procedural due process rights by revoking her temporary parole without first deciding her adjustment of status application. However, the Ninth Circuit dismissed that claim on the ground that Wong had no liberty interest in temporary parole sufficient to provide a basis for a procedural due process claim. *Wong*, 373 F3d at 967-68. Accordingly, although it references the Fifth Amendment, the Fourth Amended Complaint does not allege any procedural due process claim with regard to the revocation of Wong's temporary parole.

4 - FINDINGS AND RECOMMENDATION

## ANALYSIS

### I. Claims in the Fourth Amended Complaint

The Third Amended Complaint alleges the following five claims for relief:

First Claim: a *Bivens* claim[5] by Wong against Beebe for violation of the Fourth Amendment;

Second Claim: a *Bivens* claim by Wong against Bebee for violation of the First Amendment;[6]

Third Claim: a claim by Wong against the INS seeking a declaration that the INS must rule on Wong's application for adjustment of status under the Immigration and Nationality Act ("INA"), Section 245(i);[7]

Fourth Claim: a claim by Wong against Beebe for violation of RFRA;[8] and

Fifth Claim: a claim by Wong and the Association against the United States under the Federal Tort Claims Act.

This court previously denied Bebee's motion to dismiss the First and Second Claims alleged by Wong and the Fourth Claim alleged by Wong to the extent it is based on interference

---

[5] In *Bivens v. Six Unknown Named Agents of the FBI*, 403 US 388 (1971), the Supreme Court held that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 US 14, 18 (1980).

[6] This court dismissed the Second Claim insofar as it was alleged by the Association. Plaintiffs acknowledge that paragraph 36 of the Fourth Amended Complaint, which purports to allege this same claim by the Association, was inadvertently included.

[7] On April 26, 2005, this court allowed Wong, but not the Association, to amend the Third Claim for Declaratory Relief. Opinion and Order (docket #150). The Fourth Amended Complaint erroneously realleges this claim by both Wong and the Association. Fourth Amended Complaint, ¶¶ 39-42. Therefore, this court will construe the Third Claim as alleged only by Wong.

[8] This court dismissed the Association's RFRA claim based on qualified immunity. F&R (docket #151), adopted by Order (docket #169). The Fourth Amended Complaint erroneously realleges this claim by both Wong and the Association. Fourth Amended Complaint, ¶¶ 43-45. Therefore, this court will construe the Fourth Claim as alleged only by Wong.

with Wong's rights to practice her religion by adhering to her religiously-mandated vow of celibacy and vegetarian diet. As with respect to the Third Amended Complaint, Beebe now moves to dismiss all the damages claims alleged against him individually in the Fourth Amended Complaint, which include the First, Second, and Fourth Claims.

## II. Previously Rejected Arguments

In the present motion, Beebe acknowledges that this court previously rejected certain arguments he raised in opposition to the claims in the Third Amended Complaint. Those include his arguments directed at: (1) the First Claim (Fourth Amendment) based on lack of direct personal responsibility by Beebe for the alleged violations; (2) the Second Claim (First Amendment) based on: (a) lack of direct personal responsibility by Beebe for the alleged violations; and (b) preclusion of a *Bivens* claim due to the comprehensive scheme of the Immigration and Nationality Act; and (3) the Fourth Claim (RFRA) based on: (a) the lack of statutory language authorizing actions for damages against individual federal employees; and (b) failure to allege Beebe's involvement in the violations underlying Wong's RFRA claim. This court discerns no persuasive argument to revisit its rulings on those issues. Therefore, for the reasons stated in this court's prior rulings, Bebee's motion should be denied insofar as it reiterates these arguments.

///
///
///
///
///

6 - FINDINGS AND RECOMMENDATION

### III. Remaining Arguments

#### A. Second Claim (First Amendment)

With regard to the Second Claim, Beebe now argues that qualified immunity bars any claim by Wong under the First Amendment because Wong's immigration status made her entitlement to First Amendment protections unclear. He also argues that he is entitled to qualified immunity against this claim insofar as it is based on Wong's inability to associate with her followers. This court previously addressed both of these arguments, albeit in the context of Wong's Fourth Claim under RFRA. F&R (docket #151), pp. 21-23. For the same reasons, Beebe's motion should be granted against the Second Claim insofar as it rests on Wong's inability to associate with her followers, and otherwise should be denied.[9]

#### B. Fourth Claim (RFRA)

Finally, Beebe takes the position that he is entitled to qualified immunity against the Fourth Claim under RFRA because RFRA's constitutionality was not clearly established in 1999. Therefore, a federal officer would not have had fair notice or reasonably understood that his conduct violated any operative right.

Beebe cites several cases in support of his argument that RFRA's constitutional vitality was in doubt at the time of Wong's incarceration. One case is *City of Boerne v. Flores*, 521 US 507, 537 (1997), which held that RFRA was unconstitutional as applied to the states because Congress exceeded its remedial authority under Section 5 of the Fourteenth Amendment. Although the court did not address the constitutionality of RFRA as applied to federal officers,

---

[9] Beebe also argues that the dismissal of Wong's Second Claim insofar as it is premised on her inability to contact her followers is compelled by the Ninth Circuit's prior decision. In light of this court's recommendation to dismiss that portion of Wong's Fourth Claim based on its prior RFRA ruling, it need not and does not reach that argument.

7 - FINDINGS AND RECOMMENDATION

Justice Stevens in a concurring opinion stated that he would find that RFRA violates the First Amendment. Thereafter, the Fifth Circuit questioned the "continuing viability of [RFRA] in the federal context." *United States v. Grant*, 117 F3d 788, 792 n6 (1997).[10] Beebe also points to an Eighth Circuit decision upholding congressional authority to enact RFRA and apply it to the law of bankruptcy RFRA, *Christians v. Crystal EvangelicalFree Church*, 141 F3d 854 (8th Cir 1998), and opinions from district courts outside the Ninth Circuit finding RFRA unconstitutional or noting that *City of Boerne* so found. *See United States v. Sandia*, 6 F Supp 2d 1278 (D NM 1997) (finding RFRA unconstitutional and disallowing a criminal defendant to assert it as a defense to prosecution under the Migratory Bird Treaty Act, the Bald and Golden Eagle Protection Act, and the Lacey Act); *Branch Ministries, Inc. v. Richardson*, 970 F Supp 11 (D DC 1997) (simply noting that Supreme Court declared RFRA unconstitutional in *City of Boerne*); *Keeler v. Mayor & City Council of Cumberland*, 928 F Supp 591 (D Md 1996) (finding RFRA violative of separation of powers doctrine).

However, Beebe cites no Supreme Court, Ninth Circuit, or district court opinion in the Ninth Circuit striking down RFRA as unconstitutional with respect to federal officials at the time of Wong's incarceration. The Ninth Circuit has flatly rejected the argument that "statutes require judicial ratification before they can be considered clearly established law." *Schwenk v. Hartford*, 204 F3d 1187, 1204 (9th Cir 2000). In *Schwenk*, a pre-operative male-to-female transsexual prison inmate brought claims under 42 USC § 1983 and the Gender Motivated Violence Act

---

[10] A later Fifth Circuit opinion noted a split among the circuits over the constitutionality of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), but declined to decide that issue. *Adkins v. Kaspar*, 393 F3d 559, 571 n52 (5th Cir 2004), *cert denied*, 125 SCt 2549 (2005). However, *Adkins* was decided in 2004, discussed a different statute (RLUIPA), cited only cases decided in 2002 and later, and noted that the Ninth Circuit upheld the RLUIPA against a constitutional challenge. *Id*, citing *Mayweathers v. Newland*, 314 F3d 1062 (9th Cir 2002), *cert denied*, 540 US 815 (2003). Therefore, it must be disregarded.

8 - FINDINGS AND RECOMMENDATION

("GMVA"), alleging attempted rape by a prison guard. The prison guard (Mitchell) argued that he was entitled to qualified immunity against Schwenk's claims under the GMVA because the constitutionality of the GMVA had not yet been addressed by the Ninth Circuit or the Supreme Court. The Ninth Circuit disagreed:

> [S]tate officials – like all other persons – are responsible for obeying a law passed by Congress unless the Supreme Court or, at a minimum, a United States Court of Appeals or district court in the circuit or district in which the state official performs his duties, strikes down the law as unconstitutional. Mitchell acknowledges that no court had done so at the time of the alleged attack. Thus he was required to presume the statute's constitutionality and conform his conduct to that law. State officials are certainly not entitled, as Mitchell apparently believes, to ignore a new federal law in the hopes that a court will subsequently strike it down. If officials choose to ignore a federal law, they do so at their peril. Accordingly, Mitchell is not entitled to qualified immunity from Schwenk's GMVA claim on the basis of the absence of a court opinion confirming the statute's constitutionality.

*Id* (footnote and emphasis omitted).

No different rule befits federal officials. Thus, unless and until either the Supreme Court or the Ninth Circuit declared RFRA unconstitutional with respect to federal officials, Beebe was required to presume RFRA's constitutionality and conform his conduct to that law.[11] Accordingly, Beebe's motion for judgment on the pleadings should be denied to the extent it is premised upon the argument that he is entitled to qualified immunity because the constitutionality of RFRA was in doubt at the time of Wong's incarceration.

///

///

---

[11] Since this case was filed, the Ninth Circuit has decided that "RFRA is constitutional as applied in the federal sphere." *Guam v. Guerrero*, 290 F3d 1210, 1221 (9th Cir 2002).

9 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons set forth above, defendant Beebe's Motion for Judgment on the Pleadings (docket #175) should be GRANTED IN PART as to the Second Claim (First Amendment) alleged by Wong insofar as it is based on Wong's inability to associate with her followers. In all other respects, the motion should be DENIED.

## SCHEDULING ORDER

Objections to this Findings and Recommendation, if any, are due December 8, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 17th day of November, 2005.

>    /s/ Janice M. Stewart
> Janice M. Stewart
> United States Magistrate Judge