FILED'10 OCT 28 13:58USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KWAI FUN WONG; ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 01-718-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| IMMIGRATION AND NATURALIZATION SERVICE; ET AL., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Beth Ann Creighton
CREIGHTON & ROSE, PC
815 S.W. Second Avenue, Suite 500
Portland, OR 97204

Thomas M. Steenson
1523 S.E. Spokane Street
Portland, OR 97202

   Attorneys for Plaintiffs

R. Joseph Sher
U.S. DEPARTMENT OF JUSTICE
Torts Branch
Civil Division
2100 Jamieson Avenue
Alexandria, VA 22314

James G. Bartolotto
Zachary C. Richter
U.S. DEPARTMENT OF JUSTICE
Civil Division, Constitutional Torts Section
P. O. Box 7146
Ben Franklin Station
Washington, D.C. 20044

Kelly A. Zusman
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendants

JONES, Judge:

In this protracted litigation, which the Ninth Circuit recently returned - once again - to this court, defendant United States moves (# 504) the court to reconsider a decision Magistrate Judge Stewart rendered in February 2006, and this court adopted in April 2006. See Kwai Fun Wong, et al. v. Beebe, et al., Civil No. 01-718-ST (Findings and Recommendation, Feb. 14, 2006)(# 325), adopted by Order (April 10, 2006)(Jones, J.)(#358). Specifically, defendant asks this court to reconsider the decision to apply equitable tolling to excuse plaintiff's late filing of her Federal Tort Claims Act ("FTCA") claim for negligence, which is plaintiff's only surviving claim.[1]

Without question, Judge Stewart applied, and this court adopted the application of, principles of equitable tolling in permitting plaintiff's late filing. Findings and Recommendation, pp. 6-9. And also without question, under Ninth Circuit precedent then and now, the court

---

[1] The history of this litigation is well-documented in numerous decisions by this court and the Ninth Circuit, and need not be repeated here.

2 - OPINION AND ORDER

should have dismissed the untimely FTCA claim for lack of jurisdiction. As the Ninth Circuit recently clarified:

> [T]he six-month statute of limitations in § 2401(b) [of the FTCA] is jurisdictional and . . . the failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply.

Marley v. United States, 567 F.3d 1030, 1038 (9th Cir. 2009). In so stating, the Ninth Circuit explained in detail that it had "long held that § 2401(b) is jurisdictional," citing Ninth Circuit precedent supporting that view and explaining away a contrary 1996 panel decision. See Marley, 567 F.3d at 1035-36, 1037-38. Consequently, plaintiff's contention that Marley should not be applied retroactively is misplaced.

Accordingly, defendant's motion (# 504) for reconsideration must be granted. On reconsideration, I conclude that this court has lacked jurisdiction over plaintiff's untimely filed FTCA claim since she first filed the claim in August 13, 2002.

## CONCLUSION

Defendant's Motion for Reconsideration (# 504) is GRANTED. Plaintiff having no surviving claims, this action is dismissed with prejudice. Any other pending motions are denied as moot.

DATED this 28th day of October, 2010.

ROBERT E. JONES
U.S. District Judge